

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00004-CR

**ANTARIUS DEMON ASHLEY,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 14-00152-CRF-85

## MEMORANDUM  OPINION

In two issues, appellant, Antarius Demon Ashley, challenges his conviction for

robbery.  *See* TEX. PENAL CODE ANN. § 29.02 (West 2011).  Specifically, appellant contends

that the evidence supporting his conviction is insufficient and that the State did not

proffer sufficient evidence to corroborate the testimony of an accomplice witness.

Because we find that the State proffered sufficient evidence to corroborate the testimony

of an accomplice witness, and because the evidence supporting appellant's conviction is sufficient, we affirm.[1]

## I. SUFFICIENCY OF THE EVIDENCE SUPPORTING APPELLANT'S CONVICTION

In his first issue, appellant argues that the evidence is insufficient to establish his identity as the perpetrator of the robbery because the victim, Amanda Kraft, was unable to identify him in a photo lineup shortly after the incident. Besides the identity element, appellant does not challenge any of the other elements of the charged offense.

## A. Standard of Review

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

## B.    Discussion

As noted earlier, appellant contends that the evidence is insufficient to establish his identity as the perpetrator of the robbery. "A conviction may be based on the

testimony of a single eyewitness." *Santiago v. State*, 425 S.W.3d 437, 443 (Tex. App.—

Houston [1st Dist.] 2011, pet. ref'd); *see Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App.

1971). However, to provide sufficient evidence of guilt, the eyewitness must give "clear,

direct, positive testimony" that the defendant committed the crime alleged. *Gilbert v.

State*, 429 S.W.3d 19, 28 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

Here, Kraft provided the following testimony about the incident, which transpired

as she walked to her truck with money from Denny's that was supposed to be deposited

at the bank:

> He had a gray baseball cap on his head. The gray sweater had writing on
> it—like a team of some sort—and gray sweatpants. I don't remember what
> his shoes looked like.
>
> I got—my uncomfortable feeling got stronger so I tried to get in my
> truck. I got the door open, and he [appellant] was on me. I don't know if I
> turned from the feeling of somebody being behind me or of him turning me
> around; but from here up was in my truck, the rest of it was laying out on
> the ground, and he was literally laying on me and my purse was on my arm
> and behind me and he was trying to pull on it, but he was slamming me
> around. He kept repeating, "Shut up, bitch," because I was screaming like
> blood curdling, "Help me. Help me." And I was kicking and I was hitting
> and I was trying to push him off. And this went on for several seconds.
> And he pulled hard enough and my purse broke and he fell backwards.
> And I sat there for a second, and then my brain said scramble. So I
> scrambled back as fast as I could. And I was this close to having my door
> shut, and he ripped it open and was on me again. And I tried to fight back
> again and still screaming and seconds later he had freed my purse from
> behind me and took off.[2]

---

[2] It is also worth noting that the purported accomplice witness, Camille Ashley, admitted that she saw appellant with a purse when she picked him up near the Denny's.

Thereafter, Kraft identified appellant in open court as the perpetrator of the robbery and noted that she was face to face with appellant during the robbery. However, Kraft admitted that she was unable to identify appellant in a photo lineup that was conducted shortly after the incident, though she explained that: "They showed me several photos; but I do apologize, it is very hard to depict a black male in black and white photos."

On appeal, appellant's identity argument hinges on Kraft's inability to identify him shortly after the incident as the perpetrator of the robbery. However, one eyewitness is sufficient to sustain a conviction, and Kraft identified appellant in open court as the perpetrator. *See Aguilar*, 468 S.W.2d at 77; *see also Santiago*, 425 S.W.3d at 443. Ultimately, whether appellant's argument casts doubt on Kraft's testimony is a credibility determination for the jury. *See Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ("The alibi testimony, the lack of physical or forensic evidence, and the differences between the testimony of the witnesses are all factors for the jury to consider in weighing the evidence."). Following *Jackson*, we presume that the jury found Kraft's identification credible and defer to that finding. *See* 443 U.S. at 326, 99 S. Ct. at 2793; *see also Clayton v. State*, 235 S.W.3d 772, 778-79 (Tex. Crim. App. 2007); *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998); *Johnson*, 176 S.W.3d at 78. Therefore, we conclude that the evidence is sufficient to support appellant's conviction for robbery. *See* TEX. PENAL CODE ANN. § 29.02; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. We overrule his first issue.

## II. ACCOMPLICE-WITNESS TESTIMONY

In his second issue, appellant asserts that his conviction should be reversed because the State did not proffer sufficient evidence to corroborate the "inculpatory testimony of Camille Ashley, an accomplice witness."

### A. Applicable Law

The Texas Court of Criminal Appeals has stated the standard of review for sufficiency of non-accomplice evidence as follows:

> [U]nder Texas Code of Criminal Procedure Article 38.14, a conviction cannot stand on an accomplice witness's testimony unless the testimony is corroborated by other, non-accomplice evidence that tends to connect the accused to the offense. Evidence that the offense was committed is insufficient to corroborate an accomplice witness's testimony. And an accomplice's testimony cannot be corroborated by prior statements made by the accomplice witness to a third person.
>
> . . . .
>
> When reviewing the sufficiency of non-accomplice evidence under Article 38.14, we decide whether the inculpatory evidence tends to connect the accused to the commission of the offense. The sufficiency of non-accomplice evidence is judged according to the particular facts and circumstances of each case. The direct or circumstantial non-accomplice evidence is sufficient corroboration if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense. So when there are conflicting views of the evidence—one that tends to connect the accused to the offense and one that does not—we will defer to the factfinder's resolution of the evidence. Therefore, it is not appropriate for appellate courts to independently construe the non-accomplice evidence.

*Smith v. State*, 332 S.W.3d 425, 439, 442 (Tex. Crim. App. 2011) (internal citations omitted);

*see Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994) (noting that appellate courts

review non-accomplice evidence in the light most favorable to the verdict); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005).

The Texas Court of Criminal Appeals has also noted that: "There need only be some non-accomplice evidence tending to connect the defendant to the crime, not to every element of the crime." *Joubert v. State*, 235 S.W.3d 729, 731 (Tex. Crim. App. 2007); *see Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996) ("No precise rule can be formulated as to the amount of evidence required to corroborate. The non-accomplice evidence does not need to be in itself sufficient to establish guilt beyond a reasonable doubt."). Furthermore, when reviewing the sufficiency of the non-accomplice evidence, "all of the non-accomplice testimony is viewed together, rather than as isolated, unrelated incidents . . . ." *Simmons v. State*, 282 S.W.3d 504, 511 (Tex. Crim. App. 2009). And "circumstances that are apparently insignificant may constitute sufficient evidence of corroboration." *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (citing *Trevino v. State*, 991 S.W.2d 849, 852 (Tex. Crim. App. 1999)).

## B.    Discussion

Though Camille denied being involved in the planning or execution of the robbery, assuming that she was an accomplice witness, her testimony was corroborated by ample evidence, which independently supports the jury's determination that appellant committed the charged offense. First, Delicia Ashley testified that, on the day of the offense, appellant left with Camille in a white vehicle that belonged to Latavia Whatley, Camille's cousin. Second, Kraft identified appellant in open court as the

perpetrator of the robbery. She also described him as wearing a gray sweatshirt, gray sweatpants, and a gray baseball cap—all items found by police in a trash can near where appellant had been located. Kraft also noted that Latavia worked at Denny's, drove a white car, and did not show up to work on the day of the incident. Additionally, Ryan Thomas testified that he saw a heavyset, African-American man wearing a gray sweatshirt, gray pants, and a black and white hat beating up a woman in the Denny's parking lot. Thomas also saw the man take a purse from the women and then get into a white, four-door Kia with a license plate number of BYL7670.

Furthermore, Officer Damien Anderson of the College Station Police Department stated that when he located the white Kia with the matching license plate number, Camille was driving the vehicle alone. Though she initially lied, Camille eventually admitted that appellant had been in the car and directed Officer Anderson to look in the glove box, which contained appellant's wallet with his driver's license, among other things. Shortly after picking up appellant, Camille kicked appellant out of the car near 808 and 810 Nimitz Street—near the location where Officer James Ingram of the College Station Police Department found a pink and black purse that contained gray, vinyl bags that were labeled as belonging to Denny's, as well as Kraft's wallet and driver's license.[3]

---

[3] Officer Ingram noted that:

It's been my experience as a police officer and through my training that sometimes people will attempt to change their appearance by shedding items of clothing or get rid of weapons, anything like that when—when they're being pursued by the police. So it's

Officer Ingram also found the clothes that appellant allegedly wore during the robbery "sitting on top of bagged garbage" inside a trash can near where appellant had been located.

When viewing the non-accomplice evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence that "tends to connect the defendant to the offense." *See* TEX. CODE CRIM. PROC. ANN. art. 38.14; *see also Smith*, 332 S.W.3d at 439; *Joubert*, 235 S.W.3d at 731; *Gill*, 873 S.W.2d at 48; *Killough v. State*, 718 S.W.2d 708, 711-712 (Tex. Crim. App. 1986) (holding that the testimony of an accomplice in the prosecution for aggravated robbery was sufficiently corroborated by evidence showing, among other things, that the defendant was linked to the truck used in the commission of the robbery). As such, we hold that the record contains sufficient evidence to corroborate the accomplice-witness evidence contained in the record and, therefore, satisfies article 38.14 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14; *see also Joubert*, 235 S.W.3d at 731; *Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999) (noting that if the combined weight of the non-accomplice evidence tends to connect the defendant to the offense, then the requirement of article 38.14 has been fulfilled); *Gill*, 873 S.W.2d at 48. We therefore overrule appellant's second issue.

---

become a pretty standard practice for us to check trash cans in the area to see if there's anything that looks out of the ordinary.

### III.     CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 24, 2015
Do not publish
[CRPM]

